IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GHAZANFAR RAJA,**

    Plaintiff,

v.

**JEH JOHNSON,** Secretary,
United States Department of Homeland
Security, et al.

    Defendants.

Case No. 2:13-cv-11
JUDGE GREGORY L. FROST
Magistrate Mark R. Abel

## **OPINION & ORDER**

This matter is before the Court for consideration of Defendants' motion to dismiss (ECF No. 15). For the reasons that follow, the Court **DENIES** the motion.

### I. BACKGROUND

Plaintiff brings this lawsuit against Jeh Johnson (Secretary of the United States Department of Homeland Security),[1] Alejandro Mayorkas (Director of United States Citizenship and Immigration Services ("USCIS")), and Mark Hansen (District Director of USCIS) (collectively, "Defendants") in their official capacities. Plaintiff seeks a "writ in the nature of mandamus" to compel Defendants to process Plaintiff's immigration application. (Am. Compl., ECF No. 7.)

Plaintiff filed his Amended Complaint on January 16, 2013. (*Id*.) Summonses were issued to Defendants. (ECF No. 8.) The summonses were directed to the United States Attorney's office in Columbus, Ohio. (*Id*.) On May 30, 2013 and June 3, 2013, Plaintiff filed documents purporting to show that the summonses had been returned executed as to each

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Jeh Johnson is automatically substituted as a Defendant in this action for Janet Napolitano, former Secretary of the Department of Homeland Security.

Defendant. (ECF Nos. 9 & 10.) Those filings, however, state that the summonses were served only on United States Attorney Carter M. Stewart. (*Id.*) There is no record that Plaintiff sent a copy of the summons and Amended Complaint to Defendants or the Attorney General of the United States at Washington, D.C. For that reason, as explained in more detail below, service has not been perfected as to any Defendant.

On September 9, 2013, the Magistrate Judge assigned to this case issued an order directing Plaintiff to show cause why this case should not be dismissed for want of prosecution. (ECF No. 11, hereinafter "Show Cause Order".) The Show Cause Order states: "Plaintiff has filed returns of service on defendants . . . Defendants have not responded to the complaint." (*Id.*) The Show Cause Order also cites Southern District of Ohio Civil Rule 55.1(a), which states in relevant part: "If a party makes proper service of a pleading seeking affirmative relief but, after the time for making a response has passed without any response having been served and filed . . . ." Admittedly, as discussed below, the Show Cause Order could be read to suggest that service has been perfected, even though that is not the case.

In response to the Show Cause Order, Plaintiff filed a "Motion for Default Judgment," (ECF No. 12), which the Court denied as procedurally deficient (ECF No. 13). Plaintiff then filed an affidavit requesting an entry of default. (ECF No. 14.) Plaintiff's request for default judgment remains pending.

On November 22, 2013, Defendants moved to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 15.) Defendants argue in their motion that Plaintiff failed to properly serve any of the Defendants because he failed to send copies of the Amended Complaint and summons to the United States Attorney General and each

individual Defendant. Because Plaintiff failed to perfect service, Defendants oppose Plaintiff's request for default judgment and seek dismissal of Plaintiff's Amended Complaint.

Plaintiff did not respond to Defendants' motion. To date, the Court has no record of Plaintiff taking any action to correct service in response to Defendant's motion.

## II.     ANALYSIS

Federal Rule of Civil Procedure 4 governs service in federal court. Defendants move for dismissal pursuant to Rule 4(m), which provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The first issue for the Court is whether Defendants have properly been served. Pursuant to Rule 4(l), a party must provide proof of service to the court. The Court therefore examines the record in this case to determine whether Plaintiff properly served Defendants.

Upon review of the record, the Court agrees with Defendants that Plaintiff failed to perfect service upon them. Rule 4(i)(2) governs service upon the United States and its Agencies, Corporations, Officers or Employees sued in their official capacity. Pursuant to Rule 4(i)(2), to properly serve Defendants, Plaintiff was required to:

- "[D]eliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought . . ."

- "[S]end a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.;" and

- "[S]end a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee."

3

FED. R. CIV. P. 4(i)(2) (incorporating FED. R. CIV. P. 4(i)(1)).

The Court has no record of Plaintiff completing the latter two requirements for any Defendant. As such, Plaintiff failed to perfect service on Defendants.

Defendants argue that, because Plaintiff failed to properly serve them within 120 days of filing his Amended Complaint, dismissal is proper under Rule 4(m). But Rule 4(m) must be read in conjunction with Rule 4(i)(4), which requires courts to extend the time period for service if the plaintiff met one of Rule 4(i)(2)'s first two requirements but failed to complete the remaining requirements. Specifically, Rule 4(i)(4) states: "The court must allow a party a reasonable time to cure its failure to: (A) serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States . . . ."

Rule 4(m) complements Rule 4(i)(2) in this respect. Pursuant to Rule 4(m), a Court "must" extend the time for service if the plaintiff shows good cause for the failure. The advisory committee's note to Rule 4(m) states: "[a] specific instance of good cause is set forth in [Rule 4(i)(4)], which provides for extensions if necessary to correct oversights in compliance with the requirements of multiple service in actions against the United States or its officers, agencies, and corporations." FED. R. CIV. P. 4 advisory committee's note, 1993 amendments. As such, under both Rule 4(i)(4) and Rule 4(m), if a plaintiff attempting to serve a United States officer or employee serves "either the United States attorney or the Attorney General of the United States" but fails to meet the remaining requirements of Rule 4(i)(2), the Court "must" extend the time for

4

service for an appropriate period before dismissing the complaint. Fed R. Civ. P. 4(i)(4) & (m); *see also Cole v. Shinseki*, No. 12-2969, 2013 WL 2289257, at *3 (W.D. Tenn. May 23, 2013).[2]

Here, Defendants do not dispute that Plaintiff served Carter M. Stewart, the United States attorney for the Southern District of Ohio. Thus, pursuant to the plain language of Rule 4(i)(4), Plaintiff must be afforded a reasonable time to cure his failure to serve the remaining persons required to be served under Rule 4(i)(2).

Defendants brush Rule 4(i)(4) aside by stating, "[t]he Fed. R. Civ. P. 4(i)(4) allowance of extended time does not apply to the case at bar in that the U.S. Attorney General was not served." (ECF No. 15, at 6 n.2.) But Defendants misread Rule 4(i)(4). Under the plain language of that Rule, the Court "must" allow Plaintiff the opportunity to cure its defective service if Plaintiff "served **either** the United States attorney **or** the Attorney General of the United States." FED. R. CIV. P. 4(i)(4) (emphasis added). Defendants do not dispute that Plaintiffs served the United States attorney. Accordingly, the fact that Plaintiff did not also serve the Attorney General of the United States does not remove this case from Rule 4(i)(4)'s reach.

The question becomes whether Plaintiff already had reasonable time to cure service. Rule 4(i)(4) contemplates that the "reasonable time to cure" service will begin running once the failure is pointed out. *See, e.g.*, FED. R. CIV. P. 4 advisory committee's note, 2000 amendment. The Court acknowledges that courts in other jurisdictions have held that clock begins running once the defendant notifies the plaintiff of the defect. *See, e.g., Kurzberg v. Ashcroft*, 618 F.3d

---

[2] Defendants cite *Moncrief v. Stone*, in which the Sixth Circuit affirmed the dismissal of a plaintiff's complaint where the plaintiff served a government official and the United States Attorney General but failed to serve the United States Attorney for the district in which he filed his case. 961 F.2d 595, 597 (6th Cir. 1992). *Moncrief*, however, was decided in 1992—one year before Rule 4 was amended to add what is now Rule 4(i)(4). Indeed, Rule 4(i)(4) (formerly Rule 4(i)(3)) was added in 1993 to "save[] the plaintiff from the hazard of losing a substantive right because of failure to comply with the complex requirements of multiple service under this subdivision." Fed. R. Civ. P. 4(i) advisory committee's note, 1993 amendments. *Moncrief* therefore is not controlling on this issue.

176, 185–86 (2d Cir. 2010); *Graham v. Sequatchie Cty. Gov't*, No. 1;10-cv-20, 2011 WL 796785, at *1–2 (E.D. Tenn. Feb. 28, 2011).

Without opining as to the precedential value of those cases, however, the Court finds that the facts of this case present a unique circumstance that warrants granting Plaintiff additional time to perfect service. Specifically, the Show Cause Order in this case could have been read to suggest that service was complete. (ECF No. 11.) It would be unfair to find that Defendants' motion, filed shortly after the potentially-misleading Show Cause Order, put Plaintiff on notice that he needed to cure service.

For that reason, the Court finds that it must allow Plaintiff a reasonable time to cure his failure to properly serve Defendants. Plaintiff shall have an additional fourteen (14) days from the date of this Opinion & Order to perfect service and file proof of the same.

As a final note, the Court addresses Plaintiff's request for an entry of default (ECF No. 14) and Defendants' opposition thereto (ECF No. 15). Because service has not been perfected, the Court lacks jurisdiction to adjudicate the parties' rights, and default judgment is not appropriate. *See, e.g., O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 348, 353 (6th Cir. 2003).

### III.     CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' motion to dismiss. (ECF No. 15.) Plaintiff is hereby **GRANTED** an additional fourteen (14) days from the date of this Opinion & Order to perfect service and file proof of the same.

**IT IS SO ORDERED.**

/s/ Gregory L. Frost  
GREGORY L. FROST  
UNITED STATES DISTRICT JUDGE